UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BEREZOWITZ, JEFFREY CONTRAGUERRO, FRANK M. COVEY III 2000 TRUST U/A/D 01/11/00, ANDREW ANKER FORSTER, CHRISTOPHER GOREY IRA, BRIAN and DEBROAH KUBITZ, PENNY KUBITZ, HERBERT LEUPRECHT, TODD MILLANG, O'KEEFE DRILLING COMPANY PENSION TRUST fbo LUELLA O'KEEFE, AUDREY O'KEEFE, DANIEL E. O'KEEFE, AND TERESA M. O'KEEFE, O'KEEFE FAMILY ADT LLC, POORE, ROTH & ROBINSON PENSION PLAN fbo J. RICHARD ORIZOTTI, BUTTE SUPPLEMENT LLC, MARY ORIZOTTI, DANIEL THOMAS, SEAN THOMAS, RILEY GIACOLETTO, GRADEIGH O'KEEFE, BRIDGER O'KEEFE, SARA CHAMBERLEIN, THOMAS LEURECHT, MICHAEL ORIZOTTI, STEPHANIE ORIZOTTI, RACHAEL ORIZOTTI, JOHN PAPADIA, RICH SWIDERSKI, and ANDREW TERRY,<br><br>    Plaintiffs,<br>v.<br><br>J&R VENTURES, LLC and JOHN ORECCHIO,<br><br>    Defendants. | FILED: MARCH 26, 2008<br>08CV1756 NF<br>JUDGE LEFKOW<br>MAGISTRATE JUDGE KEYS<br><br><br>Case No. _____ |

**COMPLAINT AND JURY DEMAND**

Plaintiffs, WILLIAM BEREZOWITZ, JEFFREY CONTRAGUERRO, FRANK M.

COVEY III 2000 TRUST U/A/D 01/11/00, ANDREW ANKER FORSTER, CHRISTOPHER

GOREY IRA, BRIAN and DEBORAH KUBITZ, PENNY KUBITZ, HERBERT LEUPRECHT,

TODD MILLANG, O'KEEFE DRILLING COMPANY PENSION TRUST fbo LUELLA

O'KEEFE, AUDREY O'KEEFE, DANIEL E. O'KEEFE, AND TERESA M. O'KEEFE,

O'KEEFE FAMILY ADT LLC, POORE, ROTH & ROBINSON PENSION PLAN fbo J.

RICHARD ORIZOTTI, BUTTE SUPPLEMENT LLC, MARY ORIZOTTI, DANIEL THOMAS, SEAN THOMAS, RILEY GIACOLETTO, GRADEIGH O'KEEFE, BRIDGER O'KEEFE, SARA CHAMBERLEIN, THOMAS LEURECHT, MICHAEL ORIZOTTI, STEPHANIE ORIZOTTI, RACHAEL ORIZOTTI, JOHN PAPADIA, RICH SWIDERSKI, and ANDREW TERRY, ("Plaintiffs") by and through their attorneys, for their Complaint against the above-named defendants allege as follows:

## NATURE OF THE ACTION

1.  This is an action for violations of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. §240.10b-5]; Illinois Securities Law of 1953, as amended, [815 ILCS § 5/1 *et seq.*], (the "Illinois Securities Act"), the Delaware Securities Act, breach of fiduciary duty and conversion. All of Plaintiffs' claims arise out of Plaintiffs' investments in Supplement Partners, L.P. ("Supplement Partners"), which Defendants procured through a scheme to defraud Plaintiffs.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this action pursuant to Section 10(b) of the Securities Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5] and the principals of pendent and ancillary jurisdiction.

3. Venue lies in this District pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa] because certain acts or transactions constituting the violations occurred in this District.

## PLAINTIFFS

4. William Berezowitz is a citizen and resident of Greenfield, Wisconsin who invested the principal amount of $100,000 in Supplement Partners on or about July 15, 2006 by causing a cashier's check to be made payable to J&R Ventures, LLC ("J&R Ventures").

5. Jeffrey Contraguerro invested the principal amount of $25,000 in Supplement Partners on or about August 15, 2006 by issuing a check to J&R Ventures.

6. The Frank M. Covey III 2000 Trust U/A/D 01/11/00 invested the principal amount of $75,000 in Supplement Partners on or about August 17, 2006 by wire transfer to J&R Ventures.

7. Andrew Anker Forster invested the principal amount of $25,000 in Supplement Partners on or about July 28, 2006 by wire transfer to J&R Ventures.

8. The Christopher Gorey IRA invested the principal amount of $110,000 in Supplement Partners on or about August 7, 2006 by issuing a check to J&R Ventures.

9. Brian and Deborah Kubitz invested $25,000 in Supplement Partners on or about August 4, 2006 by issuing a check to J&R Ventures.

10. Penny Kubitz invested $25,000 in Supplement Partners on or about August 4, 2006 by issuing a check to J&R Ventures.

11. Herbert Leuprecht invested $300,000 in Supplement Partners on or about July 28, 2006 by wire transfer to J&R Ventures.

12. Todd Millang invested $50,000 in Supplement Partners on or about August 7, 2006 by issuing a check to J&R Ventures.

13. O'Keefe Drilling Company Pension Trust fbo Luella O'Keefe, Audrey O'Keefe, Daniel E. O'Keefe, and Teresa M. O'Keefe invested $600,000 on or about July 20, 2006 by wire transfer to J&R Ventures.

14. O'Keefe Family ADT LLC invested $300,000 in Supplement Partners on or about July 20, 2006 by wire transfer to J&R Ventures.

15. Poore, Roth & Robinson Pension Plan fbo J. Richard Orizotti invested $200,000 in Supplement Partners on or about July 28, 2006 by wire transfer to J&R Ventures.

16. Mary Orizotti invested $100,000 in Supplement Partners on or about August 31, 2006 by wire transfer to J&R Ventures.

17. Daniel Thomas invested $20,000 in Supplement Partners on or about August 8, 2006 by wire transfer to J&R Ventures.

18. Sean Thomas invested $20,000 in Supplement Partners on or about August 8, 2006 by wire transfer to J&R Ventures.

19. Riley Giacoletto invested $10,000 in Supplement Partners on or about August 8, 2006 by wire transfer to J&R Ventures.

20. Gradeigh O'Keefe invested $20,000 in Supplement Partners on or about August 8, 2006 by wire transfer to J&R Ventures.

21. Bridger O'Keefe invested $20,000 in Supplement Partners on or about August 8, 2006 by wire transfer to J&R Ventures.

22. Sara Chamberlein invested $20,000 in Supplement Partners on or about August 8, 2006 by wire transfer to J&R Ventures.

23. Thomas Leuprecht invested $50,000 in Supplement Partners on or about August 8, 2006 by wire transfer to J&R Ventures.

24. Michael Orizotti invested $15,000 in Supplement Partners on or about August 8, 2006 by wire transfer to J&R Ventures.

25. Stephanie Orizotti invested $10,000 in Supplement Partners on or about August 8, 2006 by wire transfer to J&R Ventures.

26. Rachael Orizotti invested $10,000 in Supplement Partners on or about August 8, 2006 by wire transfer to J&R Ventures.

27. John Papadia invested $70,000 in Supplement Partners on or about August 6, 2006 by issuing a check to J&R Ventures.

28. Rich Swiderski is a citizen and resident of Bloomingdale, IL who invested $20,000 in Supplement Partners on or about July 31, 2006 by issuing a check to J&R Ventures.

29. Andrew Terry is a citizen and resident of Arlington Heights, IL who invested $25,000 in Supplement Partners on or about July 23, 2006 by issuing a check to J&R Ventures.

**DEFENDANTS**

30. J&R Ventures is a limited liability company formed and existing under the laws of the State of Nevada.

31. John Orecchio is a citizen of Illinois and, on information and belief, resides in Arlington Heights, Illinois. Orecchio is a manager of J&R Ventures. Orecchio was also the president of AA Capital from the inception of AA Capital Partners, Inc. ("AA Capital") until his termination on or about August 31, 2006. Since the inception of AA Capital, Orecchio has been one of the two shareholders and directors of AA Capital. Orecchio is a defendant in an action the U.S. Securities and Exchange Commission ("SEC") initiated on September 7, 2006 styled, *United States Securities and Exchange Commission v. AA Capital Partners, Inc. and John A. Orecchio,* No. 06 C 4859 (N.D. Ill.). A copy of the SEC's Complaint is attached hereto as Exhibit A. Orecchio is also a defendant in an action filed by AA Capital Partners's court-

## SUPPLEMENT PARTNERS, LP

32.     Supplement Partners is a Delaware Limited Partnership formed on or about June 20, 2006.  Defendant Orecchio formed Supplement Partners to raise funds to purchase securities in a privately-held company called Xyience.  Xyience produces energy drinks and dietary supplements.

33.     Defendant J&R Ventures is Supplement Partners' general partner.

34.     Plaintiffs herein are each limited partners in Supplement Partners.

### **Defendants' Wrongful Acts**

35.     In or about the spring or summer of 2006, Defendant Orecchio and Brian O'Keefe solicited Plaintiffs' investments in Supplement Partners.

36.     Orecchio marketed Supplement Partners as a vehicle he created to invest in and own shares of Xyience Incorporated.

37.     Orecchio represented that Plaintiffs' investment proceeds would be used to purchase shares in Xyience Incorporated.

38.     Orecchio represented that AA Capital (an entity Orecchio owned) already invested between $15 and $10 million in Xyience.

39.     Orecchio presented Plaintiffs with the Limited Partnership Agreement of Supplement Partners which indicated that J&R Ventures was the general partner.  Orecchio further represented that he and Brian O'Keefe were the managers and sole members of J&R Ventures.

40. As further inducement for the investment, Orecchio and J&R Ventures promised that the principles would sign and return Personal Guarantees and a Pledge of Funds Agreement to each of the Limited Partners of Supplement Partners. Defendants promised, *inter alia*, that within ten calendar days of the payments coming due under the Limited Partnership Agreement's Option A distribution scheme, the Limited Partners would receive (i) return of capital, plus (ii) a 15% return on investment compounded annually. Option A also included a distribution of 35% of the remaining proceeds to the Limited Partners. A copy of the Personal Guarantee and Pledge of Funds Agreement is attached hereto as Exhibit C. A copy of the Limited Partnership Agreement of Supplement Partners is attached hereto as Exhibit D.

41. As described above, Plaintiffs transmitted $2,295,000 to J&R Ventures in exchange for interests in Supplement Partners (the "Partnership Interests").

42. Pursuant to the Limited Partnership Agreement of Supplement Partners, Defendants were obligated to use Plaintiffs' proceeds for the benefit of Supplement Partners and in furtherance of the partnership's Investment Purpose – to seek a favorable return on investments in Xyience Incorporated.

43. Defendants misappropriated Plaintiffs' investment proceeds by issuing a check dated July 26, 2006 for $1 million payable to AA Capital to repay of an antecedent debt. Supplement Partners did not receive adequate or fair consideration for the transfer.

44. On information and belief, Defendants misappropriated the remainder of Plaintiffs' investment proceeds through a series of checks written for Orecchio's personal benefit.

## COUNT I

### Rescission Under Illinois Securities Act

### (815 ILCS § 5/1 *et seq.*)

45. Plaintiffs incorporate by reference and reallege each and every allegation above as if fully set forth herein.

46. As alleged herein, Defendants offered and sold Partnership Interests in the State of Illinois and engaged in numerous activities in the State of Illinois in connection therewith.

47. Plaintiffs purchased the Partnership Interests in the State of Illinois.

48. The Partnership Interests are securities under the Illinois Securities Act. 815 ILCS § 5/2.1.

49. The Illinois Securities Act applies to Plaintiffs' purchases of the Partnership Interests.

50. As more specifically alleged above, Defendants sold Plaintiffs the principal amount of $2,295,000 in Partnership Interests.

51. Defendants' sale of these Partnership Interests violated Sections 12.F. through I. of the Illinois Securities Act. 815 ILCS § 5/12.F.-I. By offering and selling the Partnership Interests pursuant to the material representations and omissions alleged above, Defendants:

    a. engaged in a transaction, practice or course of business in connection with the sale of the Partnership Interests which worked or tended to work a fraud or deceit upon Plaintiffs, the purchaser of the securities (815 ILCS § 5/12.F);

    b. obtained the $2,295,000 from Plaintiffs through the sale of the Partnership Interests by means of untrue statements of material fact and/or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading (815 ILCS § 5/12.G);

8

        c.      circulated statements (*i.e.*, the Supplement Partners, LP Limited Partnership Agreement) pertaining to the Partnership Interests knowing or having reasonable grounds to know that they contained material false or untrue representations (815 ILCS § 5/12.H); and

        d.      employed a device, scheme or artifice to defraud in connection with the sale of the Partnership Interests to Plaintiffs, either directly or indirectly (815 ILCS § 5/12.I).

52.     The sales of the Partnership Interests to Plaintiffs in violation of the Illinois Securities Act are voidable at the election of Plaintiffs pursuant to Section 13.A. of the Illinois Securities Act. 815 ILCS § 5/13.

53.     In purchasing the Partnership Interests as described herein, Plaintiffs reasonably relied upon Defendants' representations as well as the Limited Partnership Agreement of Supplement Partners, L.P. and other materials, statements and representations of Defendants as alleged herein.

54.     Plaintiffs would not have purchased the Partnership Interests in the absence of these materially false and misleading documents and statements. Had Defendants disclosed the true facts about the Partnership Interests, Plaintiffs would not have purchased the Partnership Interests.

55.     At the time Plaintiffs purchased the Partnership Interests, and subsequently, until at least January, 2007, Plaintiffs had no knowledge that the sales of the Partnership Interests were voidable by Plaintiffs at their election.

56.     On or about March 19, 2008, Plaintiffs sent written notice to the Defendants (the "Rescission Notice") of their election to declare the sale of the Partnership Interests to Plaintiffs void, and demanding repayment to Plaintiffs of $2,295,000, together with interest from the date(s) of purchase as provided by the Illinois Securities Act. Plaintiffs served the Notice to

Defendants by certified mail, return receipt requested, to the Defendants' last known address with proper postage affixed.

57.   This Complaint also serves as notice to Defendants of Plaintiffs' election to seek rescission pursuant to the Illinois Securities Act.

58.   Defendants refuse and continue to refuse to accept Plaintiffs' tender of the Partnership Interests and make the requested repayment to Plaintiffs.

59.   Plaintiffs stand ready, willing and able to tender the Partnership Interests back to Defendants or to the Court in exchange for the repayment of the $2,295,000 paid by Plaintiffs for the Partnership Interests, together with interest at the rate of ten (10%) percent per annum from the date of those payments, plus costs and attorney fees and expenses, as the Court may order Defendants to pay.

## COUNT II

### Rescission Under Delaware Securities Act

60.   Plaintiffs incorporate by reference and reallege each and every allegation above as if fully set forth herein.

61.   The Partnership Interests are limited liability company interests in Supplement Partners, which at all relevant times was a Delaware limited partnership.

62.   The Limited Partnership Agreement of Supplement Partners, provides that Delaware law applies and that this Court is a proper forum for this dispute as alleged above.

63.   The Partnership Interests are securities as defined by Section 7302(10) of the Delaware Securities Act.  Del. Code Ann. Tit. 6, § 7302(10).

64.   The Delaware Securities Act, Del. Code Ann. Tit. 6, § 7301 *et seq.* applies to Plaintiffs' purchase of the Partnership Interests.

65. As more specifically alleged above, Defendants offered and sold to Plaintiffs $2,295,000 of Partnership Interests.

66. Defendants' offer and sale of the Partnership Interests violated Delaware Securities Act Section 7323(a)(2). Del. Code Ann. Tit. 6, § 7323(a)(2). By offering and selling the securities pursuant to the material representations and omissions alleged above, Defendants offered and sold the securities "by means of any untrue statement of a material fact [and/]or any omission to state a material fact necessary in order to make the statement made, in light of the circumstances under which they are made, not misleading." *Id.*

67. At the time Plaintiffs purchased the Partnership Interests, Plaintiffs did not know, and in the exercise of reasonable care, could not have known of the misrepresentations and omissions alleged above.

68. In purchasing the Partnership Interests as described herein, Plaintiffs reasonably relied upon the Limited Partnership Agreement of Supplement Partners, and other materials, statements and representations of Defendants as alleged herein.

69. As a result of Defendants' violation of Delaware Securities Act Section 7323(a)(2), Defendants are liable to Plaintiffs for the full amount of $2,295,000 paid for the Partnership Interests, together with interest thereon at the legal rate from the date of payment to Defendants, costs and reasonable attorneys' fees upon tender of the Partnership Interests.

70. Plaintiffs stand ready, willing and able to tender the Partnership Interests to Defendants or to the Court in exchange for the repayment of the $2,295,000 paid by Plaintiffs for the securities, together with interest at the legal rate from the date of those payments, plus costs and attorney fees and expenses, as the Court may order Defendants to pay.

## COUNT III

### Violations of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. §240.10b-5]

70. Plaintiffs incorporate by reference and reallege each and every allegation above as if fully set forth herein.

71. As set forth more fully above Defendants directly or indirectly, by use of the means or instrumentalities of interstate commerce, or by the use of the mail, in connection with the purchase or sale of securities, have employed devices, schemes, or artifices to defraud, have made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or have engaged in acts, practices, or courses of business which operate or would operate as a fraud or deceit upon the Plaintiffs.

72. In particular, as more fully alleged above Defendants made the forgoing false statements and omissions with the knowledge and intent that Plaintiffs would rely thereon, be deceived thereby and to induce them to give Defendants $2,295,000 for the purchase of Partnership Interests.

73. Plaintiffs justifiably relied on the false statements and omissions, tendered to Defendants $2,295,000 for the purchase of Partnership Interests, and as a direct and proximate result of said false statements and omissions, Plaintiffs have been damaged in excess of $2.3 million.

74. Had Defendants truthfully represented the facts relating to the investments in Supplement Partners and their intended use of Plaintiffs' investment proceeds at the time of the sales, Plaintiffs would not have purchased the Partnership Interests and would not have given Defendants $2,295,000.

75. Defendants have concealed and continued to conceal their fraud from Plaintiffs.

76. J&R Ventures is the alter ego or a mere conduit of Defendant Orecchio and the corporate veil should be pierced to reach the assets to satisfy Plaintiffs' claims against Defendants.

77. Plaintiffs are informed and believe that the J&R Ventures: (1) was inadequately capitalized; (2) failed to issue stock; (3) failed to observe corporate formalities; (4) is insolvent; (5) does not have corporate records; (6) commingled funds with those of Orecchio; (7) has diverted assets from Supplement Partners, L.P. and Plaintiffs; and (8) is a mere facade for Orecchio.

78. As a direct and proximate result of the foregoing, Plaintiffs suffered substantial damages.

## COUNT IV

### Breach of Fiduciary Duty Against J&R Ventures

79. Plaintiffs incorporate by reference and reallege each and every allegation above as if fully set forth herein.

80. As the general partner of Supplement Partners, J&R Ventures owed the Supplement Partners' limited partners certain fiduciary duties, including the duty of care, the duty of loyalty, and the duty to prevent the waste of the partnership's assets.

81. By diverting partnership assets to satisfy the personal obligations of Orecchio (as described above), J&R Ventures breached its fiduciary duties to the limited partners—i.e., Plaintiffs.

82.　　As a result of its breaches of fiduciary duty, Defendants were able to misappropriate millions of dollars of the assets of Supplement Partners, for Orecchio's personal benefit.

83.　　As a direct and proximate result of the foregoing, Plaintiffs suffered substantial damages.

## COUNT V

### Breach of Fiduciary Duty Against Orecchio

84.　　Plaintiffs incorporate by reference and reallege each and every allegation above as if fully set forth herein.

85.　　As the managing member/manager of J&R Ventures, Orecchio owed Plaintiffs certain fiduciary duties, including the duty of care, the duty of loyalty, and the duty to prevent the waste of the partnership's assets.

86.　　By diverting partnership assets to satisfy personal obligations (as described above), Orecchio breached his fiduciary duties to Plaintiffs.

87.　　As a result of Orecchio's breaches of fiduciary duty, Defendants were able to misappropriate millions of dollars of the assets of Supplement Partners, for Orecchio's personal benefit.

88.　　As a direct and proximate result of the foregoing, Plaintiffs suffered substantial damages.

## COUNT VI

### Conversion

89.　　Plaintiffs incorporate by reference and reallege each and every allegation above as if fully set forth herein.

90. Through the conduct described above, Defendants have converted Plaintiffs' funds entrusted to Supplement Partners and J&R Ventures.

91. In so doing, Defendants wrongfully and without authorization assumed and exercised ownership, dominion and control over the above-referenced funds, to the exclusion of Supplement Partners' rights, and the rights of Plaintiffs.

92. On information and belief, Defendants have spent the diverted funds and are no longer in possession of the funds. Thus, any demand on Defendants to return the diverted funds would be futile.

93. In converting the funds, Defendants acted with malice and a willful disregard of the rights of Plaintiffs.

       WHEREFORE, Plaintiffs pray as follows:

A. For judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $2.3 million plus prejudgment interest;
B. For an accounting of Defendants' use of Plaintiffs' funds and a constructive trust on all of Defendants' assets purchased with Plaintiffs' money;
C. That the court pierce the corporate veil of J&R Ventures, LLC and hold John Orecchio personally liable for any judgment against J&R Ventures, LLC;
D. For their costs of suit, including attorney's fees;
E. For such other relief as this court may deem proper.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all claims above for which a jury is permitted by law.

Respectfully submitted,

WILLIAM BEREZOWITZ, DOUGLAS DIECK, JEFFREY CONTRAGUERRO, FRANK M. COVEY III 2000 TRUST U/A/D 01/11/00, ANDREW ANKER FORSTER, CHRISTOPHER GOREY, BRIAN and DEBROAH KUBITZ, PENNY KUBITZ, HERBERT LEUPRECHT, TODD MILLANG, O'KEEFE PENSION PLAN, O'KEEFE FAMILY ADT LLC, POORE, ROTH & ROBINSON PENSION PLAN fbo J. RICHARD ORIZOTTI, BUTTE SUPPLEMENT LLC, MARY ORIZOTTI, DANIEL THOMAS, SEAN THOMAS, RILEY GIACOLETTO, GRADEIGH O'KEEFE, BRIDGER O'KEEFE, SARA CHAMBERLEIN, THOMAS LEURECHT, MICHAEL ORIZOTTI, STEPHANIE ORIZOTTI, RACHAEL ORIZOTTI, JOHN PAPADIA, RICH SWIDERSKI, and ANDREW TERRY.


By:    /s James L. Kopecky            .
          One of their attorneys

James L. Kopecky
James L. Kopecky, P.C.
190 S. LaSalle St. Suite 850-A
Chicago, IL  60603
Phone: (312) 380-6552
Fax: (312) 527-3968
ARDC #6225359

Daryl M. Schumacher
The Law Offices of Daryl M. Schumacher, P.C.
190 S. LaSalle St.  Suite 850-C
Chicago, IL  60603
Phone: (312) 380-6585
Fax:  (312) 324-0666
ARDC #6244815