# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BEREZOWITZ, et al., | ) | |
| | ) | Hon. Joan Humprey Lefkow |
| Plaintiffs, | ) | |
| | ) | Case No. 08-cv-1756 |
| v. | ) | |
| | ) | Magistrate Judge Arlander Keys |
| J&R VENTURES, LLC and | ) | |
| JOHN ORECCHIO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT JOHN ORECCHIO'S
## MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS

Defendant, John Orecchio ("Orecchio"), by and through his attorneys, submits this Memorandum in Support of his Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 9(b) (the "Motion"). In support of his Motion, Orecchio states as follows:

### INTRODUCTION

William Berezowitz and *twenty-five* other plaintiffs (collectively "Plaintiffs") state five counts against Orecchio in which they allege various forms of fraud stemming from their investment in Supplement Partners, LP ("Supplement Partners"). The gravamen of Plaintiffs' Complaint is that Orecchio made certain false statements that induced them to invest in Supplement Partners, an investment in which Plaintiffs lost money. Plaintiffs, however, do not allege a single misstatement made by Orecchio upon which they relied to their detriment. In fact, *none* of the twenty-six Plaintiffs alleges that they ever even spoke to Orecchio. Accordingly, Plaintiffs' Complaint should be dismissed in its entirety for failure to comply with the rigorous pleading standards of Fed. R. Civ. P. 9(b). In addition, the Court should refuse to exercise jurisdiction over Plaintiffs' pendant state-law claims.

## FACTUAL BACKGROUND

According to Plaintiffs' Complaint,[1] in or around the spring and summer of 2006, Orecchio and Brian O'Keefe – who is not named as a defendant – solicited Plaintiffs' investments in Supplement Partners.  (Cmplt., ¶ 35.)  Plaintiffs allege that Orecchio made false statements that induced them into investing in Supplement Partners to their detriment and injury. (*See, e.g.,* Cmplt., ¶¶ 51, 66.)  Plaintiffs, however, do not allege a single misstatement made by Orecchio. (*See* Cmplt., *passim*.)

Plaintiffs allege that Orecchio made three statements.  *First*, Plaintiffs allege that Orecchio marketed Supplement Partners as a vehicle to invest in a corporation known as Xyience, Inc.  (Cmplt., ¶ 36.)  *Second*, Plaintiffs allege that Orecchio represented that "AA Capital (an entity Orecchio owned) already invested between $15 and $10 million in Xyience." (Cmplt., ¶ 38.)  *Third*, Plaintiffs allege that Orecchio agreed to sign personal guaranties for each of the Limited Partners of Supplement Partners – which, are attached to the Complaint as Exhibit C.  (Cmplt., ¶ 40 and Ex. C.)  Thereafter, apparently in reliance on these statements, Plaintiffs each invested in Supplement Partners.  (Cmplt., ¶¶ 4-29, 41, 53, 68, 72.)  Plaintiffs do not allege when these statements where made, to whom these statements were made, where these statements were made, or how these statements were made.  (*See* Cmplt., *passim*.)  Not one of the twenty-six Plaintiffs alleges that they heard Orecchio make these statements.  (*See* Cmplt., *passim*.)  More importantly, Plaintiffs do not allege which, if any, of these statements they contend was false.  (*See* Cmplt., *passim*.)  In fact, it appears at a minimum that the statement that Orecchio would personally guaranty the investments was true, given that they attach a copy of the guaranty to their Complaint.  (*See* Cmplt, Ex. C).   Nevertheless, Plaintiffs state five counts against Orecchio for various forms of fraud.

---

[1] Pursuant to Fed. R. Civ. P. 12(b)(6), the allegations in Plaintiffs' Complaint are taken as true.

## ARGUMENT

### I.    STANDARD OF REVIEW.

To withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of a valid cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992) (affirming dismissal of claims). As the Supreme Court recently stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  Although the court must accept all well-pleaded factual allegations of the complaint as true, "the court is not bound by the plaintiff's legal characterization of the facts." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1033 (7th Cir. 1987) (affirming dismissal). Moreover, the absence of any facts to support the plaintiffs' claims renders the allegations mere legal conclusions subject to dismissal. *Strauss v. City of Chicago*, 760 F.2d 765, 767-68 (7th Cir. 1985) (affirming dismissal).  "The federal rules impose more stringent pleading requirements upon complaints charging fraud than on complaints charging other types of misconduct." *Arazie v. Mullane,* 2 F.3d 1456, 1465 (7th Cir. 1993) (affirming dismissal of fraud claims as insufficiently pled to satisfy Rule 9(b)); *see also Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 992 (7th Cir. 1991) ("parties pleading fraud in federal court, must state the time, place and content of the alleged communications perpetrating the fraud") (citation omitted).

II.   **PLAINTIFFS' FRAUD CLAIMS FAIL TO SATISFY THE HEIGHTENED PLEADING REQUIREMENTS OF RULE 9(b) AND SHOULD BE DISMISSED.**

A.   **Plaintiffs Must Allege Fraud Claims With Particularity.**

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The rule is said to serve three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing 'strike suits' and 'fishing expeditions'; and (3) providing notice of the claim to the adverse party." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (affirming dismissal of fraud claims as insufficient under Rule 9(b)). "To meet the particularity requirements of Rule 9(b), a complaint must specify the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (affirming dismissal of securities fraud claims as insufficiently pled). "A complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient." *Id.*

B.   **Fed. R. Civ. P. 9(b) Applies to Claims Under SEC Section 10(b) and Rule 10b-5 and Count III Should Be Dismissed Because it Does Not Allege Sufficient Facts Against Orecchio.**

Count III of the Complaint fails to satisfy Rule 9(b) and should be dismissed. Count III alleges violations of Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5. (Cmplt., ¶¶ 71-78.) These allegations are subject to the heightened pleading standards "because pleading fraud with specificity is both an element of the SEC Rule 10b-5 cause of action and a pleading requirement of the Federal Rules." *In re HealthCare Compare Corp. Securities Litigation*, 75 F.3d 276, 280-81 (7th Cir. 1996). "To state a valid Rule 10b-5 claim, a plaintiff must allege that the defendant (1) made a misstatement or omission, (2) of material fact, (3) with scienter, (4) in connection with the purchase or sale of securities, (5) upon which the plaintiff relied, and (6) that

reliance proximately caused plaintiff's injuries." *Id.* at 280.  In securities fraud cases, Rule 9(b) requires that the essential elements, including scienter, be pled "in detail."  *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (affirming dismissal of 10(b) and 10(b)-5 claims), *cert. denied*, 498 U.S. 941.  "This means the who, what, when, where, and how: the first paragraph of any newspaper story." *Id*.

Plaintiffs do not state a securities fraud claim against Orecchio for three reasons.  *First*, Plaintiffs do not allege any of the requisite elements of a 10(b) or 10b-5 claim.  Plaintiffs do not allege the who, what, when, where or how of their story.  Plaintiffs do not allege any false statements made by Orecchio in connection with the sale of securities, upon which they relied, and/or any resulting damages based on any action of Orecchio.  (*See* Cmplt, *passim*.)  Plaintiffs allege that Orecchio made three statements but do not allege that any of the three statements was false.  (*See* Cmplt., ¶¶ 36, 38, 40.)  In addition, Plaintiffs do not allege scienter at all, much less "in detail" as required by 9(b).  *See DiLeo*, *supra*, 901 F.2d at 627.  If Orecchio is going to be charged with securities fraud, he must know what he is charged with, he must know his purported scienter, and what misstatements he is alleged to have made.  To satisfy Rule 9(b) and withstand a motion to dismiss, Plaintiffs must allege in detail, "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."  *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir.1990) (affirming dismissal of securities fraud claims as insufficiently pled); *Sequel Capital Corp. v. Airship Intern. Ltd.*, 148 F.R.D. 217, 220 (N.D. Ill. 1993) ("[T]o respond properly to a charge of fraud, defendants need to be appraised [sic] of the specific statements that are claimed to constitute falsehoods.")  Plaintiffs fail to apprise Orecchio of the statements he made that they claim were false; therefore, Count III should be dismissed.

*Second*, even had Plaintiffs' claims been stated with the requisite specificity, they are

improperly pled "on information and belief."  For example, Plaintiffs state that "On information and belief, Defendants misappropriated the remainder of Plaintiffs' investment. . . ."  (*See* Cmplt., ¶ 44.)  The law is clear that "allegations made upon information and belief are insufficient, even if the facts are inaccessible to the plaintiff, unless the plaintiff states the grounds for his suspicions . . . ." *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992).  The Seventh Circuit has routinely held that fraud allegations made "on 'information and belief' [are] a clearly improper locution under the current federal rules, which impose (in the amended Rule 11) a duty of reasonable precomplaint inquiry not satisfied by rumor or hunch." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (finding Plaintiffs' allegations of fraud on information and belief were insufficient under Rule 9(b)).  "Even before Rule 11 was amended to require this, and *a fortiori* since, it was understood that the duty to plead the circumstances constituting fraud with particularity could not be fulfilled by pleading those circumstances on "information and belief" unless they were facts inaccessible to the plaintiff, in which event he had to plead the grounds for his suspicions." *Id.*  Though they were required to do so, Plaintiffs do not allege any grounds for suspicions.  Therefore, their allegations pled on "information and belief" are insufficient.

*Third*, Plaintiffs cannot simply lump the defendants together; instead, they must state who allegedly made what misstatement.  To satisfy Rule 9(b) a complaint must specify the identity of the person making the misrepresentation and cannot "attribute[] misrepresentations to all defendants, lumped together for pleading purposes. . . ."  *Sears v. Likens,* 912 F.2d at 893. Here, Plaintiffs allege that: "Defendants . . . have made untrue statements of material fact. . . ." (*See* Cmplt., ¶ 71.)  That: "Defendants made the forgoing false statements and omission. . . ." (*See* Cmplt., ¶ 72.)  That "[h]ad Defendants truthfully represented the facts . . . ." (*See* Cmplt., ¶ 74.)  That "Defendants have concealed and continue to conceal their fraud from Plaintiffs."

(*See* Cmplt., ¶ 75.)   Plaintiffs must state which Defendant did what.  They do not, however, so

Count III against Orecchio fails to satisfy the pleading requirements of Rule 9(b).

> **C.**     **Plaintiffs' State Law Securities Violations Also Are Subject to Rule 9(b) and Should Be Dismissed.**

In Counts I and II, Plaintiffs seek rescission under the Illinois Securities Act (Count I),

and the Delaware Securities Act (Count II).   (Cmplt., ¶¶ 45-59, 60-70.)  These claims also must

comply with Fed. R. Civ. P. 9(b).  *See, e.g., Sequel Capital, LLC v. Rothman,* No. 03 C 0678,

2003 WL 22757758, *18 (N.D. Ill. Nov. 20, 2003) (claims under state securities laws brought in

federal court must comply with the pleading requirements of Fed. R. Civ. P. 9(b)).  Furthermore,

the elements required to plead a claim under the various state Securities Laws are the same as

those required of a 10b-5 claim.  *Id.*  As stated above, Plaintiffs have failed to comply with Rule

9(b) and, therefore, for the reasons stated above, Counts I and II should be dismissed.

> **D.**     **Counts V and VI Stem From Orecchio's Alleged Fraud, and Must Be Dismissed Because They Do Not Satisfy Rule 9(b).**

Counts V and VI allege breach of fiduciary duty and conversion against Orecchio.  The

linchpin of these allegations, however, is that Orecchio defrauded Plaintiffs.  "A claim that

'sounds in fraud' – in other words, one that is premised upon a course of fraudulent conduct –

can implicate Rule 9(b)'s heightened pleading requirements."  *Borsellino v. Goldman Sachs

Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (affirming dismissal of breach of fiduciary duty

claim for failure to comply with the heightened pleading standards of Rule 9(b)).  Therefore, as

Counts V and VI sound in fraud, Plaintiffs' allegations must comply with the pleading

requirements of Rule 9(b).  *See Id.*; *Thornton v. Evans*, 692 F.2d 1064, 1083 (7th Cir. 1982)

("claims of a breach of fiduciary duties are subject to Rule 9(b)"); *Thompson v. Capital One

Bank, Inc.*, 375 F.Supp. 2d 681, 683 (N.D. Ill. 2005) (dismissing conversion claim for failure to

comply with Rule 9(b)); *Lyons Sav. and Loan Ass'n v. Geode Co.*,  641 F. Supp. 1313,

1325 (N.D. Ill. 1986) (same).  For the reasons stated above, Plaintiffs' allegations are insufficient to satisfy Rule 9(b) and therefore, Count V for breach of fiduciary duty and Count VI for conversion must be dismissed.

## III.    THE COURT SHOULD RELENQUISH JURISDICTION OVER PLAINTIFFS' PENDANT STATE-LAW CLAIMS.

In addition to the reasons enunciated in Sections C and D above, Plaintiffs' state-law claims should be dismissed because the sole basis for this Court's jurisdiction over them – Count III, Plaintiffs' Federal Securities claim – should be dismissed.  "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits."  *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998) (affirming dismissal of state-law claims after federal claim was dismissed); *CIB Bank v. Esmail,* Case No. 04 C 4870, 2004 WL 3119027, *8 (N.D. Ill. Dec. 28, 2004) (dismissing all of plaintiffs' state-law claims because plaintiffs' federal claim did not satisfy Rule 9(b)).  Therefore, assuming *arguendo* that this Court finds that Count I, Count II, Count V, and Count VI against Orecchio were sufficiently pled, if Plaintiffs' federal securities claim fails, then this Court should relinquish jurisdiction over Plaintiffs' pendent state-law claims and also dismiss Counts I, II, V, and VI.

(Remainder of page intentionally left blank)

## <u>CONCLUSION</u>

For the forgoing reasons, Plaintiffs' Complaint against Orecchio must be dismissed in its

entirety for failure to comply with the pleading standards of Fed. R. Civ. P. 9(b).

Dated: July 2, 2008                          Respectfully submitted,

                                             JOHN A. ORECCHIO


                                        By:  /s/   Henry M. Baskerville_____
                                             One of his Attorneys

Joseph J. Duffy
William P. Ziegelmueller
Henry M. Baskerville
**STETLER & DUFFY, LTD.**
11 S. LaSalle Street
Suite 1200
Chicago, Illinois 60603
Phone: 312/338-0200
Fax: 312/338-0070
*jduffy@stetlerandduffy.com*
*bziegel@stetlerandduffy.com*
*hbasker@stetlerandduffy.com*

## <u>CERTIFICATE OF SERVICE</u>

I, Henry Baskerville, an attorney, certify that I caused copies of the foregoing

Memorandum in Support of his Motion to Dismiss Plaintiff's Complaint to be served on the

attorneys listed below via the Court's CM/ECF system this 2nd day of July, 2008.

/s/     Henry M. Baskerville_____


To:     James L. Kopecky
        Elizabeth H. Neugent Dixon
        James L. Kopecky P.C.
        190 S. LaSalle Street, Suite 850-A
        Chicago, IL 60603
        (312)527-3966
        *jim@jlkopecky.com*
        *elizabeth@jlkopecky.com*

        Daryl M. Schumacher
        The Law Offices of Daryl M. Schumacher, P.C.
        190 S. LaSalle Street, Suite 850-C
        Chicago, IL 60603
        (312) 380-6585
        *daryl@schumacherlegal.com*

        *Attorneys for Plaintiffs*