UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BEREZOWITZ, et al., ) | |
| ) | Hon. Joan Humprey Lefkow |
| Plaintiffs, ) | |
| ) | Case No. 08-cv-1756 |
| v. ) | |
| ) | Magistrate Judge Arlander Keys |
| J&R VENTURES, LLC and ) | |
| JOHN ORECCHIO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT JOHN ORECCHIO'S REPLY MEMORANDUM
IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant, John Orecchio ("Orecchio"), by and through his attorneys, respectfully submits this Reply Memorandum in Support of his Motion to Dismiss. In support of his Motion, Orecchio states as follows:

**INTRODUCTION**

Plaintiffs sued Orecchio for five counts all of which emanate from an alleged fraudulent scheme by Orecchio and non-party Brian O'Keefe to divert Plaintiffs' investment to something other than its intended source. While the linchpin of Plaintiffs' entire Complaint is Orecchio's supposed fraud, Plaintiffs did not allege that Orecchio made a single misstatement. Based upon an obvious failure to comply with the well-established pleading requirements of Fed. R. Civ. P. 9(b) ("Rule 9(b)"), on July 2, 2008, Orecchio moved to dismiss Plaintiffs' Complaint. Orecchio's opening brief established that, while Plaintiffs' Complaint may well tell the story of investors who were dissatisfied with an unprofitable investment, it did not tell a story of fraud. In their Response, and in a thinly veiled attempt to get the Court to overlook their deficient pleading, Plaintiffs go to great lengths to tarnish Orecchio with "facts" not alleged in their

Complaint.  Indeed, the first sentence of Plaintiffs' Response is quite telling, for Plaintiffs claim that their "Complaint against Orecchio provides only a glimpse into the widespread fraud which permeated Orecchio's reign over the now defunct AA Capital Partners, Inc. . . ."  Whatever other facts may be known to Plaintiffs are not contained in the "glimpse" they provided to the Court and Orecchio in their Complaint.  Plaintiffs' efforts to dirty Orecchio with statements not plead in their Complaint are the very reason Rule 9(b) requires a plaintiff to state a fraud claim with particularity.  *See Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) ("[t]he rule is said to serve three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing 'strike suits' and 'fishing expeditions'; and (3) providing notice of the claim to the adverse party.").  To comply with Rule 9(b) a plaintiff must state "the who, what, when, where, and how: the first paragraph of any newspaper story."  *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (affirming dismissal of plaintiffs' securities fraud claims), *cert. denied*, 498 U.S. 941.   If Plaintiffs' believe they can state a fraud claim against Orecchio, they must provide more than a "glimpse" – they must plead their case with particularity.  As they have failed to do so, Plaintiffs' Complaint against Orecchio must be dismissed.

## ARGUMENT

**I.      INTRODUCTION.**

Orecchio's opening brief established two basic facts: (1) that all of Plaintiffs' claims were required to comply with the heightened pleading requirements of Rule 9(b); and (2) that Plaintiffs' claims did not comply with Rule 9(b).  In Response, Plaintiffs' offer essentially three arguments: *First*, Plaintiffs claim that if the Court extracts certain parts of certain allegations and combines them with supposed omissions and information that is not in the Complaint, the Court can decipher a fraud claim; s*econd*, although not one single reference to such can be

2

found anywhere in their Complaint, Plaintiffs claim that because they alleged Orecchio was a "control person" as defined in Section 20(a) of the Securities and Exchange Act of 1934 ("Section 20(a)"), they are not required to comply with Rule 9(b); and *third*, Plaintiffs claim their other counts are sufficient because they rest on the securities fraud claims.[1]  Plaintiffs' arguments are misguided.  Plaintiffs fail to tell the Court that the very argument they proffer – *i.e.*, that their Section 20(a) claims need not comply with Rule 9(b) – stands in stark contrast to the established law of this District.  Moreover, Rule 9(b) does not allow Plaintiffs to salvage a deficient pleading by cobbling together arguments made in a Response brief; instead, Rule 9(b) requires Plaintiffs to state their claims with particularity in their initial pleading.  Finally, because Plaintiffs' securities fraud claims are insufficient under Rule 9(b), if Plaintiffs' breach of fiduciary duty claim and conversion claim rest on their securities fraud claims – as Plaintiffs' themselves admit – they too are insufficient.  Accordingly, Plaintiffs' Complaint against Orecchio must be dismissed.

## II.     PLAINTIFFS' SECURITIES FRAUD CLAIMS ARE INSUFFICIENT.

### A.     Plaintiffs' Securities Fraud Claims Do Not Comply With Rule 9(b).

As set forth in Orecchio's opening brief, Plaintiffs' Complaint does not allege that Orecchio made any misstatements and therefore is insufficient under Rule 9(b).  In an effort to resurrect their Complaint, Plaintiffs make a number of unsupported assertions that are not found anywhere in their Complaint and ask the Court to combine those assertions with cherry-picked allegations to find that Orecchio omitted certain information, and *ipso facto*, to find that Plaintiffs have complied with the heightened pleading requirements of Rule 9(b).  (*See*

---

[1] Plaintiffs claim, without citation to authority, that Orecchio's scienter can be inferred. (Response, pp. 8-9.)  Contrary to Plaintiffs' assertion, however, scienter may not be inferred, it must be pled "in detail." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (affirming dismissal of 10(b) and 10(b)-5 claims), *cert. denied*, 498 U.S. 941.

Response, pp. 3-6.) In their Response, Plaintiffs claim that their Complaint alleges that Orecchio omitted material facts and misstated his true intentions. (Response, p. 3.) Plaintiffs claim that while Orecchio represented that he was going to use their investment to purchase shares of Xyience, Inc. ("Xyience"), Orecchio secretly had other plans for their investment and thereby Orecchio made both a misstatement and an omission. (Response, pp. 3-4.) Tellingly, the assertions in Plaintiffs' Response do not cite to a single allegation found anywhere in their Complaint. (Response, p. 4.) Instead, Plaintiffs' entire argument rests on two allegations:

> (1) "Orecchio represented that Plaintiffs' investment proceeds would be used to purchase shares in Xyience Incorporated." (Compl., ¶ 37.); and

> (2) "Defendants misappropriated Plaintiffs' investment proceeds by issuing a check dated July 26, 2006 for $1 million payable to AA Capital to repay [] an antecedent debt." (Compl., ¶ 43.) (*See* Response, pp. 4-5.)

While the Complaint does not allege that either of these statements was false, Plaintiffs contend that the combination of these two allegations amounts to both a misstatement of material fact and an omission of material fact by Orecchio. However, even assuming that allegation number two was true (as the Court must for purposes of this motion), this assumption does not necessarily establish that allegation number one was false. Indeed, Plaintiffs themselves do not explain why these allegations cannot co-exist. More importantly, Rule 9(b) does not allow Plaintiffs to use logic games in a Response to establish that a statement was false. Rather, Rule 9(b) requires Plaintiffs to have specifically pled that Orecchio made a false statement, *i.e.*, Plaintiffs' Complaint must have alleged that statement number one was false. *See In re HealthCare Compare Corp. Securities Litigation*, 75 F. 3d 276, 280 (7th Cir. 1996). Nevertheless, Plaintiffs did not.[2] Simply put, if Orecchio is to answer to fraud allegations, he is

---

[2] Plaintiffs' argument also fails because as Plaintiffs themselves admit, the alleged check to AA Capital may have been used to purchase some of AA Capital's interest in Xyience – which is exactly the use Plaintiffs claim Orecchio represented to Plaintiffs would be made of the funds. (*See* Plaintiffs' Complaint, ¶¶ 36 – 38.)

4

entitled to know what Plaintiffs contend he did wrong.  Plaintiffs cannot, though their Response brief, use supposition and conjecture to establish a fraud claim.  Instead, pursuant to Rule 9(b), Plaintiffs must state their fraud allegations – in their Complaint – with particularity.  Plaintiffs have not, so their Complaint must be dismissed.

      **B.**      **Plaintiffs Do Not State A Claim for Control Person Liability.**

Unable to piece together a cognizable fraud claim in their Complaint, or their Response, Plaintiffs invent an entirely new theory by which they attempt to hold Orecchio liable – as a "control person" of J&R Ventures.  Although no reference to "control person" liability can be found anywhere in Plaintiffs' Complaint, on pages 6 through 8 of their Response, Plaintiffs contend that Rule 9(b) does not apply to their claims against Orecchio because they seek to hold him liable as a "control person" under Section 20(a) of the 1934 Act ("Section 20(a)").  As set forth below, Plaintiffs' effort to back their way into a fraud claim against Orecchio by way of Section 20(a) is equally without merit for two reasons.  *First*, contrary to Plaintiffs' assertions, Rule 9(b) applies to claims under Section 20(a).  *Second*, Plaintiffs fail to allege the elements necessary to state a claim for liability under Section 20(a) – even in a conclusory manner.

        *1.*    *To Be Liable Under Section 20(a) as a "Control Person," Plaintiffs Must Allege that Orecchio Had General and Specific Control Over A Primary Violator.*

The Seventh Circuit has set out a two-prong test for determining control person liability. "First, the 'control person' needs to have actually exercised general control over the operations of the wrongdoer, and second, the control person must have had the power or ability-even if not exercised-to control the specific transaction or activity that is alleged to give rise to liability." *Donohoe v. Consolidated Operating & Production Corp.,* 30 F.3d 907, 911-12 (7th Cir. 1994) (affirming summary judgment for defendants on Section 20(a) claims) (cited by Plaintiffs, Response, p. 7.)  To satisfy the Seventh Circuit's test, "a plaintiff must allege: (1) a primary

5

violation; (2) that the defendant actually exercised control over the general operations of the primary violator; and (3) that the control person had the power or ability (even if not exercised) to control the specific transaction that is alleged to give rise to liability." *Starr v. AHey, Inc.*, No. 01 C 6087, 2003 WL 21212596, *4 (N.D. Ill. May 23, 2003) (dismissing plaintiffs' Section 20(a) control person allegations as insufficiently pled because plaintiff alleged "nothing to support his claim that the individual defendants were control persons other than his sweeping and self-serving statement that the defendants should be liable solely by virtue of shareholder status or directorships").

                2.      *Section 20(a) Claims Must Comply With Fed. R. Civ. P. 9(b).*

In their Response, Plaintiffs claim that Rule 9(b) does not apply to their securities fraud claims against Orecchio predicated on Section 20(a).[3] Contrary to Plaintiffs' assertion, however, courts within this district have uniformly held that "the pleading requirements of Rule 9(b) [] apply to Section 20(a) claims." *Zurich Capital Markets Inc. v. Coglianese,* No. 03 C 7960, 2005 WL 1950653, *6 (N.D. Ill., Aug. 25, 2005) (dismissing plaintiffs' Section 20(a) claims because plaintiffs' control person allegations did not satisfy Rule 9(b)); *see also Waldock v. M.J. Select Global, Ltd.,* No. 03 C 5293, 2005 WL 3542527, *7 (N.D. Ill. Dec. 27, 2005) (dismissing plaintiffs' complaint because "Plaintiffs' conclusory allegation that [defendants] were control persons within the meaning of Section 20(a) d[id] not comply with Rule 9(b)'s particularity requirements"); *Johnson v. Tellabs, Inc.*, 303 F. Supp.2d 941, 969 (N.D. Ill. 2004) ("Section 20(a) claims are sounded in fraud, thus Plaintiffs must meet the heightened pleading requirements of Rule 9(b)").[4]

---

[3] In support of this assertion, Plaintiffs cite one case from the Southern District of New York, which has been rejected by the courts in the Northern District of Illinois. *See Roth v. OfficeMax, Inc.*, No. 05 C 236, 2006 WL 2661009, *8 (N.D. Ill. Sept. 13, 2006).

[4] *See also 766347 Ontario Ltd. v. Zurich Capital Markets, Inc.*, 274 F. Supp. 2d 926, 931 (N.D. Ill. 2003)

In essence, to state a Section 20(a) claim, a plaintiff must allege sufficient facts to show that there was a primary securities fraud violation, that the purported "control person" had knowledge of the primary fraud and had the ability to stop it. *Id.; see also Donohoe,* 30 F. 3d 907, 911-12 (7th Cir. 1994). Applied to this case, to state a Section 20(a) claim against Orecchio, Plaintiffs must specifically allege facts showing that J&R Ventures committed a primary fraud violation, that Orecchio exercised both general and specific control over the actions of J&R Ventures, that Orecchio had knowledge of J&R Venture's fraud and that Orecchio had the ability to stop it. As set forth in the next sections, Plaintiffs have failed to do so.[5]

### 3. Plaintiffs Do Not Allege A Primary Fraud Violation.

To hold Orecchio liable under Section 20(a) as a "control person" of J&R Ventures, Plaintiffs must first allege a primary fraud violation that was committed by J&R Ventures. *See Roth v. OfficeMax, Inc.*, No. 05 C 236, 2006 WL 2661009, *8 (N.D. Ill. Sept. 13, 2006) ("Claims of control-person liability under Section 20(a) are 'derivative claims, and thus are actionable only if plaintiffs adequately allege a primary violation under [Section] 10(b).'"); *Starr v. AHey, Inc.*, No. 01 C 6087, 2003 WL 21212596, *4 (N.D. Ill. May 23, 2003). The primary fraud must include a misstatement of material fact and must be pled with specificity. *Id.* As established in Orecchio's opening brief, Plaintiffs' Complaint does not allege any fraud; it alleges an investment that was unsuccessful, but it does not allege a single misstatement made

---

(dismissing plaintiffs' Section 20(a) claim for failure to satisfy the heightened pleading requirements of Rule 9(b)); *766347 Ontario Ltd. v. Zurich Capital Markets, Inc.*, 249 F. Supp. 2d 974, 983 (N.D. Ill. 2003) ("[b]ecause Plaintiffs' Section 20(a) claim is one of fraud, Plaintiffs must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)"); *Wafra Leasing Corp. 1999-A-1 v. Prime Capital Corp.*, 204 F. Supp. 2d 1120, 1126 (N.D. Ill. 2002) (granting motion to dismiss for failure to plead control person allegations with the specificity required by Rule 9(b)).

[5] Contrary to Plaintiffs' claim (Response, p. 7), the determination of whether or not Plaintiffs have alleged sufficient facts to state a claim under Section 20(a) and satisfy Rule 9(b) is proper fodder for a motion to dismiss. *See Roth v. OfficeMax, Inc.*, No. 05 C 236, 2006 WL 2661009, *8 (N.D. Ill. Sept. 13, 2006).

by Orecchio or anyone else.  Plaintiffs' Complaint alleges that Orecchio and Brian O'Keefe controlled J&R Ventures, but does not identify a single other person with whom Plaintiffs had any contact whatsoever.  (*See* Plaintiffs' Complaint, *passim.*)  Thus, if J&R Ventures committed a fraud, it must have been by way of a statement made by Orecchio or O'Keefe.  As explained in detail in Orecchio's opening brief, and above, Plaintiffs' Complaint does not allege that Orecchio made any misstatements let alone that he made them on behalf of J&R Ventures.  Plaintiffs also do not allege that Brian O'Keefe made any misstatements to Plaintiffs' that could potentially create a fraud violation by J&R Ventures.  Therefore, Plaintiffs have not alleged a primary violation by J&R Ventures that would support holding Orecchio liable as a control person.

      4. *Plaintiffs Have Not Alleged That Orecchio Had Control Over Any Primary Violator, Let Alone With Particularity, As Required by Rule 9(b).*

Even leaving aside the lack of a primary violation, Plaintiffs have failed to allege any of the necessary elements to show that Orecchio was a "controlling person" within the meaning of Section 20(a).  Plaintiffs do not allege that Orecchio: (1) "actually exercised control over the general operations" of J&R Ventures; and (2) "had the power or ability (even if not exercised) to control the specific transaction that is alleged to give rise to liability."  *Starr v. AHey, Inc.*, No. 01 C 6087, 2003 WL 21212596, 4 (N.D. Ill. May 23, 2003).  These allegations also must be pled with particularity to satisfy Rule 9(b).  *Id.*  Plaintiffs, however, do not allege any facts indicating what Orecchio actually did or how he had control over J&R Ventures.  Nor do Plaintiffs allege that Orecchio had any idea what J&R Ventures was doing or that he had the ability to stop it.

In their Response, the only allegations that Plaintiffs cite to support their newly-minted argument is an allegation that Orecchio allegedly "held himself out as a manager and one of

only two members of J&R Ventures." (*See* Response, p. 7.)[6]  Plaintiffs claim that because Orecchio held himself out as a manager, he must have had the "ability to control the transaction at issue." (Response, pp. 7-8.)  For this proposition, Plaintiffs do not cite to a single allegation contained anywhere in their Complaint – because no such allegation exists.  Instead, Plaintiffs merely conclude, in their Response brief, that Orecchio's title must have vested him with the requisite control.  Plaintiffs' assertion is insufficient to defeat a motion to dismiss.  *First*, as a matter of law, Orecchio's status as an alleged manager and member of J&R Ventures does not establish him as a "control person" under Section 20(a).  *See Starr v. AHey, Inc.*, No. 01 C 6087, 2003 WL 21212596, *4 (N.D. Ill. May 23, 2003) ("[c]ourts within this District have consistently held that a plaintiff may not premise control person liability solely upon status within the company").[7]  *Second*, nowhere in their Complaint is found an allegation that Orecchio exercised the requisite control to hold him liable under Section 20(a).  Plaintiffs simply have created a new argument out of thin air in their Response.  The law is quite clear, however, that a Plaintiff may not rely on arguments or facts not found in its complaint to defeat a motion to dismiss. *Moore v. Fidelity Financial Services, Inc.,* 897 F.Supp. 378, 380 (N.D. Ill. 1995) ("the court is limited to considering the well-pleaded facts that are alleged in the complaint when reviewing a motion to dismiss under Rule 12(b)(6)"), *citing Thomason v.*

---

[6] Plaintiffs also claim "since Plaintiffs filed their Complaint, they learned that Orecchio was an authorized signatory on the J&R Ventures account at Wells Fargo . . ." (Response, p. 8.) Quite obviously, this allegation is not contained in their Complaint and should be disregarded. *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("[i]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss").

[7] *See also Donovan v. ABC-NACO, Inc.*, No. 02 C 1951, 2002 WL 1553259, * 6 (N.D. Ill. Jul.15, 2002) (allegations that defendants were directors was not enough to establish their liability under the securities laws as "controlling persons"); *In re Westell Tech ., Inc., Sec. Litig.*, No. 00 C 6735, 2001 WL 1313785, *12 (N.D. Ill. Oct. 26, 2001); *Kaufman v. Motorola, Inc.*, No. 95 C 1069, 1999 WL 688780, * 16 (N.D. Ill. Apr. 16 1999); *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 873 F. Supp. 111, 120 (N.D. Ill. 1995); *Feldman v. Motorola, Inc.*, No. 90 C 5887, 1993 WL 497228, *10 (N.D. Ill. Oct.14, 1993); *Craig v. First American Capital Res.*, 740 F. Supp. 530, 537 (N.D. Ill. 1990).

*Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) . Accordingly, Plaintiffs have not sufficiently alleged that Orecchio was a "control person" under Section 20(a), and the Court must dismiss the securities fraud claims against Orecchio.

### III. PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM AND CONVERSION CLAIM ARE INSUFFICIENT AND MUST BE DISMISSED.

#### A. Breach of Fiduciary Duty Premised on Fraud Must Comply with Rule 9(b).

In his opening brief, Orecchio established that (1) Plaintiffs' breach of fiduciary duty claim (Count IV) must be pled with particularity to comply with Rule 9(b); and that (2) Plaintiffs' breach of fiduciary duty claim does not satisfy Rule 9(b). In Response, Plaintiffs make no effort to refute the law cited by Orecchio that Rule 9(b) applies to their breach of fiduciary duty claim. Nor do Plaintiffs cite a single allegation that they contend complies with the heightened pleading requirements of Rule 9(b). In fact, Plaintiffs do not defend their breach of fiduciary duty claim at all. Instead, Plaintiffs assert a solitary conclusion: they claim that "Plaintiffs have sufficiently identified the fraudulent scheme, as well as Orecchio's misrepresentations with precision." (Response, p. 10.) In essence, Plaintiffs contend that their securities fraud allegations sufficiently carry their breach of fiduciary duty claim. As Plaintiffs themselves could not find a single allegation in their Complaint with which to defend their breach of fiduciary duty claim, one can only conclude that they agree it is insufficient and should be dismissed.

#### B. Plaintiffs Conversion Claim is Premised on Fraud and Therefore Must Comply with Rule 9(b).

Orecchio's opening brief established that because Plaintiffs' conversion claim is premised on fraud, it also must comply with the pleading requirements of Rule 9(b). Orecchio provided a detailed description of why Plaintiff's conversion claim did not comply with Rule 9(b). As with their breach of fiduciary duty claim, Plaintiffs make no effort to defend their

10

conversion claim. They do not cite a single case that disputes the well-established law cited by Orecchio standing for the proposition that Rule 9(b) applies to their conversion claim, nor do they cite any allegations from their Complaint that satisfy Rule 9(b).  Plaintiffs only Response is that their Complaint "indentified the transmission of funds that forms the basis for the conversion claim . . . ."  (Response, p. 10.)   Plaintiffs give the Court and Orecchio nothing more.  If, in the face of Orecchio's motion, Plaintiffs could not cite a single allegation from their Complaint to support their conversion claim, Orecchio should not be made to answer to it.  Accordingly, Plaintiffs' conversion claim should be dismissed against Orecchio.

## CONCLUSION

For the forgoing reasons and those set forth in Orecchio's opening brief in support of his Motion, Plaintiffs' Complaint should be dismissed against Orecchio in its entirety.

Dated:  August 22, 2008                          Respectfully submitted,

                                                  JOHN A. ORECCHIO


                                                  By:  /s/   Henry M. Baskerville
                                                        One of his Attorneys

Joseph J. Duffy
William P. Ziegelmueller
Henry M. Baskerville
**STETLER & DUFFY, LTD.**
11 S. LaSalle Street
Suite 1200
Chicago, Illinois 60603
Phone: 312/338-0200
Fax: 312/338-0070
*jduffy@stetleranduffy.com*
*bziegel@stetleranduffy.com*
*hbasker@stetleranduffy.com*

## **CERTIFICATE OF SERVICE**

I, Henry Baskerville, an attorney, certify that I caused copies of the foregoing **Defendant John Orecchio's Reply in Support of his Motion to Dismiss Plaintiff's Complaint** to be served on the attorneys listed below via the Court's CM/ECF system this 22 day of August, 2008.

/s/    Henry M. Baskerville

To:   James L. Kopecky
      Elizabeth H. Neugent Dixon
      James L. Kopecky P.C.
      190 S. LaSalle Street, Suite 850-A
      Chicago, IL 60603
      (312)527-3966
      jim@jlkopecky.com
      elizabeth@jlkopecky.com

      Daryl M. Schumacher
      The Law Offices of Daryl M. Schumacher, P.C.
      190 S. LaSalle Street, Suite 850-C
      Chicago, IL 60603
      (312) 380-6585
      daryl@schumacherlegal.com

      *Attorneys for Plaintiffs*